### THOMAS v. BAIRD et al.

(Supreme Court, Special Term, Erie County.   June 5, 1905.)'

APPRENTICES—FAILURE TO SERVE—REMEDY OF MASTER—INJUNCTION AGAINST APPRENTICE SERVING ANOTHER.

   2 Rev. St. (1st Ed.) p. 159, c. 8, § 29, requires the magistrate, in case a complaint against an apprentice for refusing to serve was established, to commit the apprentice to prison until he consented to serve.   Under Acts 1871, p. 2147, c. 934, the magistrate was authorized to "cancel the indenture," and to commit the apprentice to prison for such time as should be deemed just, or until he was 21 years old.   Cr. Code Proc. §§ 927–930, provide that the magistrate may commit the apprentice to prison for not exceeding one month, or may discharge him from the service of his master, and the master from all obligations to the apprentice.   *Held*, that an action by a master against an apprentice to compel specific performance of the indenture of apprenticeship, and for an injunction restraining defendant from performing service for any person other than plaintiff, would not lie.

   [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Apprentices, § 35; vol. 27, Cent. Dig. Injunction, § 117.]

Action by George W. Thomas against Harry W. Baird and others.   Motion by defendant Baird to dissolve a preliminary injunction.   Granted.

Simon Fleischmann, for the motion.
Leroy Andrus, opposed.

KENEFICK, J.   The action is by the master against an apprentice and his parents for the specific performance of an indenture of apprenticeship, and for an injunction restraining the apprentice from performing service as jockey for any person other than the plaintiff.   An injunction pendente lite was granted upon the plaintiff's ex parte application, and service thereof, and of the summons and complaint, has been made on the minor.   The parents are non-residents of the state, and have not been served.   The minor, through his guardian ad litem, applies for a dissolution of the injunction.

Various interesting legal questions were discussed upon the argument, but the views I entertain as to the right of the plaintiff to maintain this action against the minor render unnecessary the consideration of other questions.

I assume, in disposing of this motion, that the indenture conforms in all substantial respects to the requirements of the statutes of the state of Michigan, where it was entered into; that it was contemplated that the service under it was to be performed outside of that state; that an indenture to learn the calling of jockey is not contrary to public morals or against the policy of our law; that such an indenture will be enforced in this state, as if made here;

and that the minor possesses special, unique, and extraordinary qualifications as a jockey, which would justify the court in restraining him from violating his contract to render such service if he were an adult.

The principle of the statutes relating to apprenticeship is to permit those having custody to assign to strangers a certain authority over their children during minority. The relation, however, being a species of servitude, and in theory, at least, opposed to the genius of free institutions, has not been regarded with especial favor by our courts; and a review of the legislation on the subject in this state since the enactment of the earliest statute, in 1813, exhibits a tendency on the part of the lawmakers to modify, in favor of the apprentice, the rigor of the relation. . The only statutory remedy ever accorded to the master for a refusal of the apprentice to serve was a proceeding of a quasi criminal character, instituted by the master before a magistrate. Rev. St. (1st Ed.) vol. 2, p. 159, c. 8, § 29, Laws 1871, p. 2147, c. 934. This remedy is still preserved. Cr. Code Proc. §§ 927 to 930. Under the Revised Statutes the magistrate, if the complaint was established, was required to commit the apprentice to prison until he consented .to serve. Under the act of 1871 the magistrate was authorized to cancel the indenture, and. to commit him to prison for such time as should be deemed just, or until he reached the age of 21 years. The Criminal Code provides that the magistrate must commit him to jail for not exceeding one month, or may cancel the indenture. . It is apparent that the lawmakers, in granting the magistrate authority to cancel the indenture, recognized the futility and harshness of seeking to compel an apprentice, against his will, to maintain such intimate personal relations with his master as such an indenture contemplates. The plaintiff here invokes the strong arm of equity to coerce the apprentice to maintain this relation by enjoining him from performing for any other person the service he contracted to render the plaintiff. The policy of the law, as indicated in the more recent legislation above referred to, is against such coercion, and it seems to me that this is a case where the maxim, "Equity follows the law," is peculiarly applicable. The exercise of the power here invoked would contradict and overturn the policy of the law governing this relation. There is no reported case in this state, so far as I can discover, where it was sought to maintain an action of this character, and no case elsewhere has been cited to sustain this action. The right of the master to maintain an action of this character against his apprentice arose in England in 1889, in the case of De Francesco v. Barnum, 43 Ch. Div. 165. In that case two girls were apprenticed to the plaintiff to learn the art of stage dancing, and during the term of the indenture they entered into a contract, without the consent of the plaintiff, to perform as stage dancers for P. T. Barnum. The plaintiff applied for a temporary injunction to restrain the apprentices from practicing their art under the Barnum contract. Mr. Justice Chitty refused the injunction upon the authority of Gylbert v. Fletcher—a case which arose in the time of Charles I,

and wherein it was decided that "no remedy lieth against an infant" upon the covenants of an apprenticeship indenture. The case was subsequently tried before Lord Justice Fry (45 Ch. Div. 430); and, while the plaintiff apparently abandoned any claim against the apprentices, and sought only to hold Mr. Barnum for enticing them away from his service, the justice took occasion to say that he agreed with the decision of Justice Chitty in denying a preliminary injunction, and, continuing, said:

"For my own part, I should be very unwilling to extend decisions, the effect of which is to compel persons who are not desirous of maintaining continuous personal relations with one another to continue those personal relations. I have a strong impression and a strong feeling that it is not in the interest of mankind that the rule of specific performance should be extended to such cases. I think the courts are bound to be jealous lest they should turn contracts of service into contracts of slavery; and therefore, speaking for myself, I should lean against the extension of the doctrine of specific performance and injunction in such a manner."

See, also, McKnight v. Hogg, 3 Brev. (S. C.) 44.

The observations of the learned lord justice are quite in consonance with the policy of our law regarding this relation, and lead to the conclusion that this action cannot be maintained against the apprentice.

The injunction, therefore, necessarily falls, but, as the question appears to be novel in this state, no costs are allowed.